UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBBIE J. PRUITT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8621** |
| **BRUCE OAKLEY, INC., ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is a Motion to Transfer this Case to the United States District Court for the Northern District of Mississippi filed by Defendants Bruce Oakley, Inc. and Jantran, Inc. R. Doc. 21. The motion is opposed. R. Doc. 24. Defendants have filed a reply. R. Doc. 27. The Court rules as follows.

I. **BACKGROUND**

Plaintiff Robbie Pruitt alleges that on or about July 12, 2018, he sustained injuries during the course and scope of his employment with Defendant JANTRAN. R. Doc. 1 at ¶ 4. Plaintiff contends that, while serving as a deckhand aboard the M/V CONCORDIA, he sustained "disabling injuries to his left leg, left foot, bilateral shoulders, back, and other parts of his body as a result of the negligence of Defendants, BRUCE OAKLEY, INC. and JANTRAN, INC., and the unseaworthiness of the CONCORDIA." *Id.* at ¶ 6. According to the complaint, the crew was untying a barge when the barge started to swing out. *Id.* at ¶ 7. Plaintiff claims that, without warning, a fellow crewmember kicked a ratchet to release tension on the line, causing the ratchet and the line attached to it to kick back and impale Plaintiff's left foot. *Id.* Based on this factual background, Plaintiff brings negligence and unseaworthiness claims and seeks maintenance and cure benefits. *Id.* at ¶¶ 8–23.

## II. PRESENT MOTION

On April 16, 2019, Defendants filed a motion to transfer this case to the Northern District of Mississippi. R. Doc. 21-1. In their motion, Defendants argue venue in the Eastern District of Louisiana is not proper because the relevant facts and witnesses surrounding this case bear no relation to Louisiana. *Id.* at 1. In his opposition, Plaintiff contends the Northern District of Mississippi is no more convenient than the Eastern District of Louisiana, and therefore argues Defendants have failed to demonstrate "good cause" for the transfer. R. Doc. 24 at ¶ X.

## III. LAW AND ANALYSIS

As an initial matter the Court first addresses the issue of whether this Court may exercise personal jurisdiction over Defendants. Notably, in their motion seeking to transfer this case, Defendants appear to couch many of their arguments in favor of transfer in personal jurisdiction terms. At no point, however, do Defendants move to dismiss this action for lack of personal jurisdiction.

Pursuant to Federal Rules of Civil Procedure 12(g) and (h), a party must raise all defenses arising under 12(b)(2)–(5) in one motion; otherwise, the party waives his right to later raise these unraised defenses. These consolidation and waiver rules serve to eliminate unnecessary delay and prevent piecemeal litigation of various defenses. *See* 5C Charles Alan Wright. et al., *Federal Practice and Procedure* § 1384 (3d ed. Apr. 2019). When a successive Rule 12 motion is based on "essentially the same . . . facts upon which [the party] ground[ed] his [first] motion," the issue raised in the second motion has been waived. *See, e.g.*, *Sangdahl v. Litton*, 69 F.R.D. 641, 642 (S.D.N.Y. 1976); *see also Lewis & Clark Regional Water System, Inc. v. Carstensen Contracting, Inc.*, 355 F. Supp. 3d 880, 887 (D.S.D. 2018).

Although case law is divided as to whether § 1404(a) and forum non conveniens are subject to the consolidation and waiver rules, *see Elderberry of Weber City, LLC v. Living Centers-Se., Inc.*, No. 6:12-CV-00052, 2013 WL 1164835, at *3 (W.D. Va. March 20, 2013), "the Fifth Circuit Court of Appeals has characterized motions raising forum non conveniens grounds as being brought pursuant to Rule 12(b)(3)," *Vietnam Land v. Tran*, No. 14-957, 2016 WL 1085101, at *5 (S.D. Tex. Feb. 18, 2016) (citing *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993)). Moreover, "a motion under section 1404(a) of Title 28 presupposes initial proper jurisdiction . . . in the transferor court . . . ." *Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, No. 06-1191, 2007 WL 1223510, at *5 (E.D. Mo. Apr. 24, 2007) (quoting *Sangdahl*, 69 F.R.D. at 642)).

In this case, Defendants JANTRAN and Bruce Oakley filed a motion to transfer venue under § 1404(a). R. Doc. 21. Neither have filed a motion to dismiss for lack of personal jurisdiction, despite both having raised it as a defense in their answers. R. Doc. 13; R. Doc. 14. Moreover, the arguments underlying Defendant JANTRAN and Bruce Oakley's motion to transfer are seemingly the same as the ones they would use in a subsequent motion to dismiss for lack of personal jurisdiction.[1] Therefore, in filing a motion to transfer venue under § 1404(a), Defendants JANTRAN and Bruce Oakley have waived personal jurisdiction, and thus any subsequent motion for lack of personal jurisdiction would be moot.

Having determined Defendants have waived their right to challenge personal jurisdiction, the Court addresses Defendants' motion to transfer. Pursuant to 28 U.S.C. § 1404(a), "For the

---

[1] For example, in their motion to transfer, Defendants cite the U.S. Supreme Court's holding in *BNSF Railway Co. v. Tyrell*, which held a court is not authorized to exercise general personal jurisdiction over a company solely on the ground that they do some business in the state. R. Doc. 21 at 10. However, Defendants use this personal jurisdiction argument to bolster their motion to transfer claim. As Plaintiff points out in his Opposition, a motion to transfer is not the proper "mechanism to challenge a lack of personal jurisdiction." R. Doc. 24 at ¶ XXVII.

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A motion to transfer venue is "committed to the sound discretion" of the district court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (citation omitted). When considering a motion to transfer, district courts engage in a two-step analysis. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). First, the court determines whether the case could have been brought in the transferee court. 28 U.S.C. § 1404(a). Next, the court considers whether the moving party has demonstrated "good cause" for the transfer by proving that the transferee venue is "clearly more convenient" than the current venue. *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). This requires the court to consider private and public interest factors, engaging in a case by case analysis of convenience and fairness. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Failure to establish either prong is fatal to a motion to transfer. *See In re Volkswagen AG*, 371 F.3d at 203.

**A. Whether this action may be maintained in the Northern District of Mississippi**

Under the first prong of the motion to transfer analysis, the Court determines whether the requirements of 28 U.S.C. § 1391 are met. *See Atlantic Marine Const. Co. v. U.S. Dist. Court for Dist. of Tex.*, 571 U.S. 49, 57 (2013) (explaining that § 1404(a)'s "could have been brought" language corresponds with the requirements of § 1391(b)). Pursuant to § 1391(b),

> [A] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

4

In this case, only two of the three Defendants "reside" in Mississippi. Thus, the requirements of subsection one are plainly not met. Moreover, although all Defendants "consent" to personal jurisdiction in the Northern District of Mississippi, allowing a defendant to subsequently transfer a case wherever he wants by simply waiving personal jurisdiction or venue would "do violence to the plain words of § 1404(a)." *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

Apparently proceeding under § 1391(b)'s second prong, Defendants argue the case could have been filed in the Northern District of Mississippi, despite the accident having occurred near Muskogee, Oklahoma at mile marker 393 on the Arkansas River. R. Doc. 21-1 at 4. According to Defendants, their potential liability arises out of their alleged ownership and operation of the M/V CONCORDIA, homeported in Rosedale, Mississippi, *id.* at 5, which is located in the Northern District of Mississippi's jurisdictional boundaries, *id.* at 4. Thus, it seems Defendants argue this case could have been filed in the Northern District of Mississippi, because a "substantial part of property that is the subject of the action," here the M/V CONCORDIA, "is situated" in the Northern District of Mississippi. Plaintiff concedes this point. The Court is not so sure. However, even assuming *arguendo* § 1391(b)(2) refers to *movable* property, such as the M/V CONCORDIA, Defendants have nevertheless failed to demonstrate "good cause" for the transfer.

### B. Whether Defendants have demonstrated "good cause" for the transfer

The Court next evaluates the private and public interest factors to determine whether there is "good cause" for the transfer. *See In re Volkswagen of Am.,* 545 F.3d at 315. The private and public interest factors are neither exhaustive nor given dispositive weight. *Id.*

#### 1. Private Interest Factors

The private interest factors are, (1) "relative ease of access to proof," (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing,

5

witnesses," (3) "possibility of view of premises, if view would be appropriate," and (4) "other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

Defendants argue the private interest factors weigh in favor of transferring the case. R. Docs. 21-1 at 5–6. According to Defendants, the sources of evidence in this case will be the testimony of Plaintiff's doctors as well as the other M/V CONCORDIA crew members. *Id.* at 6. Much of the relevant evidence and witnesses are not located in Louisiana. *Id.* at 7. For example, Plaintiff was initially treated at an urgent care in Catoosa, Oklahoma and subsequently in Cleveland, Mississippi; Jackson, Mississippi; and Grenada, Mississippi. *Id.* at 3. Plaintiff's current treating physicians are in Houston, Texas. *Id.* Further, Defendants submit, none of the M/V CONCORDIA crew members are domiciled in Louisiana but do remain employed by Defendant JANTRAN at its Rosedale fleet in the Northern District of Mississippi. R. Doc. 25-2 at 2. According to Defendants, because neither Plaintiff's doctors nor any of the M/V CONCORDIA crew members are domiciled in Louisiana, this Court lacks subpoena power over them. *Id.* at 6. Additionally, Defendants contend, in Plaintiff's Rule 26 Initial Disclosures, Plaintiff identified twelve potential witnesses who reside within the Northern District of Mississippi's jurisdictional boundaries. *Id*. Therefore, Defendants aver, the private interest factors weigh in favor of transfer. R. Docs. 21-1 at 5–6.

In opposition, Plaintiff argues the private interest factors weigh against transferring the case. R. Doc. 24 at ¶ XVII. Plaintiff avers his medical records are scattered across three states and that they are just as accessible in the Eastern District of Louisiana as they would be in the Northern District of Mississippi. *Id.* at ¶ XVIII. Furthermore, Plaintiff contends, his current doctors located in Houston, Texas are critical to this case, and the proposed transferee court is further away from Houston than this Court. *Id.* According to Plaintiff, although Defendants submit the other M/V

6

CONCORDIA crew members are not domiciled in Louisiana, Defendants fail to indicate where the crew members are domiciled. *Id.* at ¶ XX. Lastly, Plaintiff points out Defendant Oakley is not based in Mississippi. *Id.* at ¶ XXII.

Viewing the private interest factors as a whole, the Court concludes they weigh against transfer. First, advances in technology for document copying and storage makes ease of access to sources to proof a near non-issue. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000). Here, the main documents in question, Plaintiff's medical records, are in Oklahoma, Mississippi, and Texas. Therefore, the documents are just as accessible in the Eastern District of Louisiana as they would be in the Northern District of Mississippi, and thus this factor weighs against transfer.

Second, the convenience of witnesses, specifically key, non-party witnesses, is given great weight in a transfer of venue analysis. *See Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 410 (S.D. Tex. 2016) (citations omitted). To satisfy this element of the private interest factor analysis, the movant must specifically identify witnesses whom they deem essential and present evidence that those witnesses are needed. *See id.* Additionally, the moving party has the burden of proving the transferee court would be more convenient for these witnesses than the current court. *See Antley v. Aries Marine Corp.*, No. 2000-3143, 2001 U.S. Dist. LEXIS 124, *5 (E.D. La. Jan. 2, 2001). As this Court held in *Florida Marine Transporters, Inc. v. Lawson & Lawson Towing Co.*, the moving party must present actual, specific evidence of inconvenience, and "[a]llegations of hardship unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences." 2000-2602, 2001 U.S. Dist. LEXIS 14312, *12 (E.D. La. 2001); *see also Carnett v. Marquette Transp. Co.*, 2008-4189, 2009 U.S. Dist. LEXIS 103732 (E.D. La. Oct. 28, 2009) (denying motion to transfer for failure to show

inconvenience if case remains in the Eastern District of Louisiana); *Antley*, 2001 U.S. Dist. LEXIS 124 (denying motion to transfer for lack of evidence as to where witnesses reside).

Here, Defendants have made general allegations of the necessity of Plaintiff's doctors in Mississippi but have produced no proof or affidavits. Defendants also fail to mention that Plaintiff has doctors in Oklahoma and Texas as well. Moreover, Defendants' argument regarding the crew members of the M/V CONCORDIA fails, as Defendants do not state where these witnesses are domiciled but only aver that these crew members remain employed by Defendant JANTRAN at its Rosedale fleet in the Northern District of Mississippi. Conversely, Plaintiff has presented evidence of his current Texas doctors' reports and diagnoses, underscoring the import of these witnesses. *See* R. Docs. 24-5, 24-6. As a result, the Court concludes the private interest factors weigh against transfer.

### 2. Public Interest Factors

Next, the Court evaluates the public interest factors to determine whether there is "good cause" for the transfer. *See In re Volkswagen of Am.,* 545 F.3d at 315. The public interest factors are, (1) administrative difficulties flowing from court congestion, (2) "local interest in having localized controversies decided at home," (3) the interest in "having the trial of a diversity case in a forum that is at home with the law that must govern the action," (4) the avoidance of unnecessary problems in conflict of laws, (5) the unfairness of burdening citizens in an unrelated forum with jury duty, *Gulf Oil Corp.*, 330 U.S. at 508–09, and (6) judicial economy, *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

In making its determination, courts seek to avoid duplicative litigation and the waste of time and money. *See id*. Judicial economy is to be examined based on "the situation which existed when suit was instituted." *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) (citations omitted). Some considerations of judicial economy include a district court's previous experience

8

with that area of law, *see id.*, avoidance of "duplicative or piecemeal litigation," and allowance of related actions to proceed in the same district, *see GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs.*, No. 2002-1224 (RHK/AJB), 2003 U.S. Dist. LEXIS 4105 (D. Minn. Mar. 13, 2003).

Defendants argue the public interest factors weigh in favor of transfer. R. Doc. 21-1 at 8. Defendants aver there is no local interest in having this case decided in Louisiana because the accident did not occur in Louisiana, and no party or witness resides in Louisiana. *Id.* First, the accident occurred near Muskogee, Oklahoma at mile 393 on the Arkansas River. *Id.* at 2. Second, according to Defendants, Defendant JANTRAN is a Mississippi corporation with its only principle place of business in Rosedale, Mississippi, and Defendant Oakley is an Arkansas corporation with its only principle place of business in North Little Rock, Arkansas. *Id.* at 1. They contend neither Defendant JANTRAN nor Defendant Oakley conduct regular general work operations in Louisiana, let alone the Eastern District of Louisiana. R. Doc. 25-2 at 3–4. Finally, Defendants submit, this case is in the early stages of litigation, and little expense has been expended by either party. R. Doc. 21-1 at 8. Therefore, Defendants contend, the public interest factors weigh in favor of transfer. *Id.* at 8.

Plaintiff disagrees, arguing the public interest factors weigh against transfer. R. Doc. 24 at ¶ XXIII. According to Plaintiff, Louisiana has an interest in this case because Defendant JANTRAN operates vessels on the Mississippi River, which flows through the Eastern District of Louisiana. *Id.* at XXV. Additionally, Plaintiff avers, Defendant Oakley has a registered office for doing business in Louisiana. *Id.* Thus, Plaintiff argues, the public interest factors weigh against transfer. *Id.* at ¶ XXIII.

The Court concludes the public interest factors of this case weigh against transfer. First, although the local interest in having localized controversies resolved at home suggests transferring a case to the site of the incident, *see, Carnett*, 2001 U.S. Dist. LEXIS 103732, at *10; *Fla. Marine*

9

*Transporters, Inc.*, 2001 U.S. Dist. LEXIS 14312, at *13, here, the alleged accident occurred on the Arkansas River at mile 393 near Muskogee, Oklahoma. R. Doc. 21-1 at 2. Thus, the site of the alleged accident is in neither the Eastern District of Louisiana nor the Northern District of Mississippi. Accordingly, this factor is neutral. Moreover, although the Northern District of Mississippi has experience in Jones Act claims, so too does the Eastern District of Louisiana. Lastly, there are no related actions pending in either the Eastern District of Louisiana or the Northern District of Mississippi.

Considering the foregoing, the Court finds Defendants have not carried their burden to show the balance of private and public interest factors clearly weigh in their favor; thus, Plaintiff's choice of forum will not be disturbed. Because Defendants have failed to carry their burden to show "good cause" for transfer to the Northern District of Mississippi by proving it is "clearly more convenient" than the Eastern District of Louisiana, Plaintiff's choice of the Eastern District of Louisiana remains. As a result, the Court will deny Defendant's motion.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Transfer Case to the United States District Court for the Northern District of Mississippi filed by Defendants Bruce Oakley, Inc. and Jantran, Inc., R. Doc. 21, be and hereby is **DENIED**.

New Orleans, Louisiana on this 11th day of June, 2019.

Eldon E. Fallon
U.S. District Court Judge